**UNITED STATES of America,**
**Appellee,**

v.

**Pauline MARTIN, Defendant–**
**Appellant.**

**No. 99–1401.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2001.

Winston Lee, New York, NY, on submission, for appellant.

Pamela Chen, Assistant United States Attorney, Eastern District of New York; Loretta E. Lynch, United States Attorney, Eastern District of New York; Susan Corkery, Assistant United States Attorney, on the brief, on submission, for appellee.

Present POOLER, KATZMANN, Circuit Judges, and HURD, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Pauline Martin appeals from the July 14, 1999 judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) following her conviction, after jury trial, of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Martin's conviction followed her third trial on the same charges. The first trial ended in a mistrial after the jury failed to reach a verdict. During the second trial, the prosecutor wrongly referred to Martin's felony drug conviction. The district court declared a mistrial after the comment. Martin argues the prosecutor deliberately mentioned the previous drug conviction to provoke a mistrial. Because the defense was forced to move for a mistrial by the prosecution's wrongdoing, Martin argues, double jeopardy attaches and the third trial should never have taken place. For the reasons given below, we find the district court properly found the comment inadvertent, and therefore double jeopardy does not attach to the third trial. The conviction stands.

During her first trial, Martin testified on her own behalf, and on direct examination acknowledged her 1987 felony conviction for selling crack cocaine. In its closing statement, the defense argued that an undercover police officer falsely accused Martin on the firearms charges. On rebuttal, the government argued that if the undercover officer wanted to frame Martin, he would have framed her for a drug crime because of Martin's prior "drug conviction." The district court declared a mistrial after the jury deadlocked.

At the second trial, Martin chose not to testify. The defense again argued in its closing that an undercover police officer falsely accused Martin of the gun crime. On rebuttal, the prosecutor again argued that if the undercover officer wanted to frame Martin for a crime, a drug crime would be more logical because Martin was a "convicted drug felon." Before trial,

* The Honorable David N. Hurd, United States District Court Judge for the Northern District of New York, sitting by designation.

both parties stipulated to Martin's prior conviction, but did not specify the nature of the conviction. The stipulation was read to the jury.

After the jury was excused, Martin's counsel moved for a mistrial based on the prosecutor's reference to Martin's prior drug conviction. Counsel did not accuse the government of any misconduct. The district court asked the parties to consider the issue overnight. When court reconvened, the government acknowledged the error, with the prosecutor explaining, "the error I made yesterday was truly through inadvertence. Obviously, I had been thinking about the last trial, where there was extensive evidence about the defendant's prior record ..." The prosecutor was inexperienced. Her supervising attorney, James Walden, told the court, "[w]hat obviously happened is that a young prosecutor with not a lot of time to think through her rebuttal summation, stood before the jury and said something that was highly improper, wrongly thought out, and the argument just should never have been made, and we concede that, your Honor." The government agreed to a mistrial if that was defendant's preference.

Defense counsel moved for a mistrial with prejudice, which would bar the government from prosecuting Martin for the third time on the same charges. Counsel described a phone call she received from Walden earlier that morning, telling counsel, "he would consent to any curative instruction the defense wanted, except that of it being intentional error on the part of the government. He then proceeded to explain why it would be in the defense's best interest to agree to a curative instruction." Defense counsel told the district court she took the phone call as a threat, with the government promising to use the mistrial to strengthen its case. She argued the phone call evidenced the government's intent to deliberately provoke a mistrial so it could improve its case during the third trial.

The district court, however, found no evidence to indicate the government deliberately provoked a mistrial. It granted the defense motion for a mistrial, but without prejudice. Martin was convicted and sentenced after her third jury trial, as described above.

▮ A defendant who moves for a mistrial may prevent a new trial by invoking the double jeopardy clause only when the government's conduct was intended to provoke a mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416, (1982); *United States v. Pavloyianis*, 996 F.2d 1467 (2d Cir.1993). A district court's factual finding that the government did not intentionally provoke a mistrial "will not be reversed unless clearly erroneous." *United States v. Millan*, 17 F.3d 14, 18 (2d Cir.1994). The district court here found that the prosecutor, "in the heat [of] having to stand up and immediately give a rebuttal summation, that she had been thinking in some ways of a prior trial in which all of the evidence of defendant's drug dealing had, in fact, come out ... I don't see that there's any basis to conclude that the government did this on purpose." We find no clear error in the district court's findings. The record shows the prosecutor was inexperienced. She wrongly used an argument that was appropriate in the previous trial. There is no evidence supporting Martin's contention that the mistake was deliberate. We therefore affirm.

We have examined the remainder of appellant's arguments and find them without merit.